UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER LARSEN

VERSUS

RED FROG EVENTS, LLC, ET AL.

CIVIL ACTION

NO. 17-1665-BAJ-EWD

## **NOTICE AND ORDER**

Before the court is Plaintiff's Second Motion to Substitute Comprehensive First Amended Complaint with Citizenship of Defendants Included (the "Second Motion to Substitute").[1] For the reasons set forth herein, the Second Motion to Substitute is **DENIED**.

First, Plaintiff was previously ordered to file a proposed amended complaint that was comprehensive (*i.e.*, a pleading that includes all of Plaintiff's active allegations and causes of action and which does not incorporate by reference, refer to, or otherwise depend upon a previous pleading).[2] The proposed amended complaint (R. Doc. 27-1) is not comprehensive and instead only includes the paragraphs which Plaintiff seeks to amend or revise.

Second, Plaintiff was previously ordered to file a proposed amended complaint that adequately alleges the citizenship of all parties.[3] The proposed amended complaint (R. Doc. 27-1) fails to adequately allege the citizenship of Plaintiff; First Specialty Insurance Corporation ("First Specialty"); North South Renovations ("North South"); Auto Owners Insurance Company

---

[1] R. Doc. 27. The undersigned previously referred Plaintiff to the Amended Notice of Removal, which adequately alleges the citizenship of the current defendants. R. Doc. 1. The undersigned notes that Red Frog was previously required to substitute its original Notice of Removal with a Notice that adequately alleged the current parties' citizenship. *See*, R. Doc. 3. Per the as-substituted Notice of Removal, Red Frog alleges that Plaintiff is a citizen of Louisiana, Mr. Reynolds is an Illinois citizen, Mr. Peterson is a North Carolina citizen, North South is incorporated in North Carolina and has its principal place of business in North Carolina, First Specialty is incorporated in Missouri and has its principal place of business in Missouri, Auto Owners is incorporated in Michigan and has its principal place of business in Michigan, and that West Feliciana is a Louisiana citizen. R. Doc. 1, ¶¶ 8-15.

[2] *See*, R. Doc. 21.

[3] *See*, R. Doc. 25.

1

("Auto Owners"); and West Feliciana Parish, Department of Parks and Recreation ("West Feliciana").[4]

Plaintiff still does not allege any citizenship information with respect to herself. In order to allege the citizenship of an individual, that individual's domicile must be alleged. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). With respect to First Specialty, North South, and Auto Owners, Plaintiff's proposed amended complaint fails to allege *both* the entity's state of incorporation and principal place of business. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[5] Plaintiff's proposed allegation that First Specialty is "a Missouri Corporation" does not allege First Specialty's state of incorporation *and* principal place of business. Similarly, while Plaintiff's proposed complaint alleges that Auto Owners is a Michigan corporation, that allegation does not set forth Auto Owners' state of incorporation and principal place of business. While Plaintiff's proposed complaint alleges that North South was incorporated in North Carolina, Plaintiff does not allege North South's principal place of business. Finally,

---

[4] The proposed amended complaint alleges that Event Medical Staffing Solutions, LLC ("EMSS") is "a Pennsylvania Limited Liability Company whose sole member is John Roussis, who, upon information and belief, is a Pennsylvania citizen…." R. Doc. 27-1. As explained herein, for purposes of individuals, citizenship means domicile. Accordingly, the undersigned considers Plaintiff's allegation regarding Mr. Roussis' citizenship to be synonymous with an allegation that Mr. Roussis is domiciled in Pennsylvania. Similarly, with respect to Red Frog Events, LLC ("Red Frog"); Peterson Builders Framing Contractors, LLC ("Peterson"); Daniel Lauber; and Marcus Edwards, the proposed amended complaint sets forth the citizenship of the members of Red Frog and Paterson and the citizenship of Lauber and Edwards.

[5] Plaintiff's proposed amended complaint alleges that the insurer defendants take the citizenship of their insureds. Pursuant to 28 U.S.C. § 1332(c)(1)(A)-(C), an insurer takes on the citizenship of its insured (in addition to citizenship based on the insurer's principal place of business and state of incorporation) when "the insured is *not* joined as a party-defendant…." Emphasis added. Here, the insureds are named as defendants, and therefore citizenship of the insurer defendants is based only on the insurer defendants' principal place of business and state of incorporation.

Plaintiff has not alleged the citizenship of West Feliciana Parish, Department of Parks and Recreations ("West Feliciana").[6]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Substitute Comprehensive First Amended Complaint[7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Motion to Substitute her First Supplemental and Amended Complaint (R. Doc. 16-2) with a proposed *comprehensive* First Amended Complaint that adequately alleges the citizenship of all defendants (*i.e.*, corrects the citizenship allegations with regard to Plaintiff, First Specialty, North South, Auto Owners, and West Feliciana), and which will, if the Motion to Substitute is granted, become the operative complaint in this matter. Plaintiff shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on January 23, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] R. Doc. 1. The removing defendant, Red Frog, has asserted in its Notice of Removal that West Feliciana has been improperly joined as a defendant in this action. *See*, R. Doc. 1, ¶¶ 24-31. The undersigned makes no determination in this Notice and Order regarding whether West Feliciana is a properly joined defendant.

[7] R. Doc. 27.