# UNITED STATES DISCRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEAH THIBODEAUX | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-00695-BAJ-EWD |
| ***CONSOLIDATED WITH*** | |
| ALYSSA ROGERS | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-00879-BAJ-EWD |
| CASSANDRA BARNES AND DAVID JOSEPH BARNES VERSUS | CIVIL ACTION |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01146-BAJ-EWD |
| MARY NICOLE BURDETT AND DAVIDE MICHAEL BURDETT | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01147-BAJ-EWD |
| JENNIFER LARSEN | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01665-BAJ-EWD |
| MEGAN RESENDEZ | CIVIL ACTION |
| VERSUS | |
| RED FROG EVENTS, LLC, ET AL. | NO.: 17-01686-BAJ-EWD |

## RULING AND ORDER

Before the Court are the **Third-Party Defendant's Motions to Dismiss** filed by Daniel Lauber pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Third-Party Plaintiff, Red Frog Events, LLC ("Red Frog"), has filed an Oppositions to the motions to which Lauber has replied. Red Frog filed sur-replies. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the following reasons, Lauber's motions are **DENIED**.

### I. BACKGROUND[1]

These consolidated cases arise out of injuries allegedly sustained when the Diesel Dome, a large wooden obstacle, collapsed at the Warrior Dash race held in St. Francisville, Louisiana. (Doc. 1 at ¶ 5). The race involved various obstacles that participants had to climb over, under, or through to complete the race. (Doc. 24 at ¶ 54). Plaintiffs, who allege they were on top of the Diesel Dome when it collapsed, bring negligence claims against Red Frog and multiple other Defendants. (*See* Doc. 1 at ¶ 21).

In response, Red Frog filed its Answer to Amended Complaint, Third-Party Demand, Cross-Claim, and Request for Trial (Doc. 24) ("Answer and Third-Party Demand"). Pursuant to Federal Rule of Civil Procedure 14, Red Frog asserted a third-party demand for indemnity against Lauber "for any and all damages that relate to negligent construction, failure to repair, and/or failure to warn participants of any alleged defect in the Diesel Dome." (Doc. 24 at ¶ 76). Lauber is the individual who

---

[1] All citations in this motion refer to *Thibodeaux v. Red Frog*, No. 17-879 (M.D. La. 2017) the lowest captioned case.

2

allegedly constructed the Diesel Dome. (*Id.* at ¶ 70). According the Red Frog, Lauber failed to follow Red Frog's diagram and specifications when constructing the obstacle and in turn is responsible for any damages arising out of the incident. (*Id.* at ¶ 71). Lauber now seeks dismissal of Red Frog's claim on Rule 12(b)(6) grounds. (Doc. 70).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

III. **DISCUSSION**

In the Motion, Lauber seeks dismissal of the demand for indemnification made by Red Frog. (Doc. 70 at p. 1). Lauber argues that Red Frog has failed to state a claim for indemnification because there is no basis for contractual or implied indemnity. (Doc. 70-1 at pp. 6–7). Lauber further alleges that Red Frog is at least partially at fault and, as a result, is not eligible for indemnity. (Doc. 70-1 at pp. 7–11). Lauber also claims that under Louisiana's pure comparative fault doctrine, under which a party is liable only for degrees of fault, Red Frog will only be liable for fault directly attributable to it, which means that there is no need for implied indemnity. (Doc. 83 at pp. 2–4).

In its Opposition, Red Frog contends that under Louisiana law implied indemnification does not require a legal relationship between the parties. (Doc. 81 at p. 6). Red Frog also argues that it stated sufficient facts to show that Lauber should bear any damage that Red Frog may suffer because of the Diesel Dome's defective construction, inspection, maintenance, and repair. (Doc. 81 at p. 5). Red Frog also argues that its third-party demand can proceed because its allegation against Lauber track Plaintiff's allegations against Red Frog and because Lauber is responsible for the alleged torts claim asserted by Plaintiff. (Doc. 89 at p. 1–2).

In this diversity case, the Court considers whether Red Frog has plausibly alleged that it is entitled to indemnity from Lauber under Louisiana law. "It has long

4

been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others." *See Bewley Furniture Co. v. Maryland Cas. Co.*, 285 So.2d 216, 219 (La. 1973). Under Louisiana law, there are two types of indemnity, contractual and implied. *See Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999). The parties do not dispute that Red Frog has no contract with Lauber, and hence no basis for contractual indemnity exists. (Doc. 81 at p. 4). Instead, Red Frog asserts the third-party demand under the implied indemnification theory. *Id.*

The Court should dismiss a third-party claim for indemnity if "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings ... in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267–68 (5th Cir. 1991) (citation and internal quotation marks omitted). An action for indemnity will lie so long as the party's fault "can be characterized as merely technical or constructive," and where the party "was exposed to liability and compelled to pay damages . . . on account of the negligent act of" the third-party defendant. *See Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 336 (5th Cir. 2011). Under Louisiana law, an implied indemnification claim should not be dismissed for lack of a contractor-subcontractor or employer-employee type relationship, where the third-party plaintiff has denied any wrongdoing and has alleged that any liability that it may have been incurred is only technical. *See Id.* at 337–38. When considering whether there is a foreseeable combination of findings

that could find third-party plaintiff is only technically liable for third-party defendant's alleged negligence, the Court looks at the third-party complaint itself, without making factual findings at this stage. *Id.* at p. 338.

Although Lauber contends that he is a "complete legal stranger" to Red Frog (Doc. 70-1 at p. 2), according to the third-party complaint Lauber was subcontracted through other parties to build the Diesel Dome on behalf of Red Frog. Moreover, under Louisiana Law the implied indemnification is not limited to a contractor-subcontractor or employer-employee relationship, but extends to a third party that may be liable for the tort claims against the third-party plaintiff. *See Martco Ltd. P'ship*, 430 F. App'x at 337–38.

In a related case, the Court denied a motion to dismiss brought by a similar third-party defendant. *Buratt v. Red Frog Events, LLC*, No. 17-100, 2017 WL 5147156 (M.D. La. 2017) (Brady, J.). In *Buratt*, the Court found that a third-party plaintiff successfully alleged a claim for indemnification where that third-party plaintiff made allegations that "its role was limited to executing the contract and providing the funds to [third-party defendant]." *Buratt*, 2017 WL 5147156 at *2. The *Buratt* Court also noted that the third-party plaintiff alleged that the third-party defendant "performed all construction, oversight, maintenance, and removal services pursuant to the Agreement," and the third-party defendant should be responsible for its fault. *Id.*

Red Frog makes similar allegations in the present Third-Party Complaint. Red Frog alleges that "Lauber admitted that he failed to construct the obstacle correctly, which most likely led to its collapse," and that "Lauber must indemnify Red Frog for

any and all damages that relate to negligent construction, failure to repair, and/or failure to warn participants of any defect in the Diesel Dome because it is [Lauber] . . . who actually built the obstacle and was responsible for maintaining the obstacle." (Doc. 24 at ¶¶ 69, 76). The Court finds that whether Lauber is actually liable to Red Frog "requires factual findings that cannot be made at the Rule 12(b)(6) stage," *Buratt*, 2017 WL 5147156 at *2–3, thus Lauber's motion to dismiss is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the following motions are **DENIED**:

Case No. 17-CV-695 (Doc. 70).

Case No. 17-CV-879 (Doc. 49).

Case No. 17-CV-1146 (Doc. 37).

Case No. 17-CV-1147 (Doc. 45).

Case No. 17-CV-1665 (Doc. 47).

Case No. 17-CV-1686 (Doc. 32).

Baton Rouge, Louisiana, this 13th day of September, 2018.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA