UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER LARSEN

VERSUS

RED FROG EVENTS, LLC, ET AL.

CIVIL ACTION

NO. 17-1665-BAJ-EWD

## **NOTICE AND ORDER**

Plaintiff, Jennifer Larsen ("Plaintiff"), filed a Petition for Damages (the "Petition") against Red Frog Events, LLC ("Red Frog"), First Specialty Insurance Corporation ("First Specialty"), Peterson Builders Framing Contractors, LLC ("Peterson"), North South Renovations ("North South"), Auto Owners Insurance Company ("Auto Owners"), and West Feliciana Parish, Department of Parks and Recreation ("West Feliciana") in state court for damages allegedly arising out of injuries Plaintiff sustained when a dome-shaped obstacle Plaintiff was climbing as part of the "Warrior Dash" collapsed.[1]

On November 15, 2017, Red Frog removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332.[2] Red Frog contends that, with the exception of West Feliciana, the parties to this action are completely diverse[3] and that the amount in controversy exceeds $75,000, exclusive of interest and costs.[4] While Red Frog recognizes that Plaintiff and West Feliciana are

---

[1] R. Doc. 1-2.

[2] R. Doc. 1.

[3] Per the Amended Notice of Removal, Red Frog "does not contest that Plaintiff is a Louisiana citizen" at the time of the filing of the Petition and at the time of removal. R. Doc. 1, ¶ 7. Red Frog further contends that: (1) Red Frog's sole member, Joseph Reynolds, is a citizen of Illinois; (2) First Specialty is a Missouri corporation with its principal place of business in Missouri; (3) Peterson's sole member, Christopher Peterson, is a citizen of North Carolina; (4) North South is a corporation incorporated in North Carolina with its principal place of business in North Carolina; and (5) Auto Owners is a Michigan corporation with its principal place of business in Michigan. R. Doc. 1, ¶¶ 10-14.

[4] With respect to the amount in controversy, Red Frog asserts that Plaintiff has alleged she suffered, *inter alia*, "permanent disfigurement to her face, which required 17 stitches" and that medical records in Red Frog's possession indicated $24,480.77 in medical costs at the time of removal. R. Doc. 1, ¶¶ 19-20. Red Frog additionally asserts that prior to removal, "Red Frog inquired into whether Plaintiff would be willing to stipulate to damages of less than

1

not diverse, Red Frog asserts that Plaintiff improperly joined West Feliciana for the sole purpose of defeating this Court's subject matter jurisdiction.[5]

On January 29, 2018, Plaintiff filed a First Amended Complaint.[6] Per the First Amended Complaint, Plaintiff adds Event Medical Staffing Solutions, LLC ("Event Medical"), Daniel Lauber ("Lauber"), and Marcus Edwards ("Edwards") as defendants.[7] Although the First Amended Complaint continues to name West Feliciana as a defendant, Plaintiff has not served West Feliciana with either the Petition or the First Amended Petition and West Feliciana has not made an appearance in this matter.[8] Moreover, despite the fact that this Court's subject matter jurisdiction is premised on complete diversity of the parties, Plaintiff has not filed a Motion to Remand based on the joinder of a non-diverse defendant.[9]

---

$75,0000 in order to obviate the need to remove this matter. Plaintiff declined to enter into that stipulation." R. Doc. 1, ¶ 23.

[5] R. Doc. 1, ¶¶ 24-31.

[6] R. Doc. 36.

[7] These newly-added defendants are alleged to be diverse from Plaintiff. Plaintiff alleges that the sole member of Event Medical is John Roussis, who is a Pennsylvania citizen. R. Doc. 36, ¶ 1(g). Plaintiff alleges that Lauber and Edwards are both citizens of North Carolina. R. Doc. 36, ¶ 1(h) & (i).

[8] The undersigned notes Plaintiff's failure to serve West Feliciana only because it potentially indicates Plaintiff does not intend to pursue claims against West Feliciana. The Fifth Circuit has held that "non-diverse citizenship cannot be ignored simply because [the defendant is] an unserved defendant." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (collecting cases). *See also*, *Porter v. Loney*, Civil Action No. 16-100, 2017 WL 9485598, at * 4 (M.D. La. May 18, 2017) ("To be clear, '[t]he United States Supreme Court has held that the citizenship of all defendants, whether served with process or not, is to be considered when determining whether complete diversity exists in a removed lawsuit.'") (citing *In re Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 273 (E.D. Tex. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) ("We begin by recognizing that the simple fact that a resident [and non-diverse] defendant has not yet been served does not, in and of itself, entitle a non-resident [and diverse] defendant to remove.").

[9] In another case involving injuries sustained by a different plaintiff during the Warrior Dash, this Court found that the Parish of West Feliciana was a properly joined non-diverse defendant. *See*, *Allen v. Red Frog Events, LLC*, 335 F.Supp.3d 831, 840-846 (M.D. La. 2018). That suit was remanded to state district court. *Id.*

**IT IS HEREBY ORDERED** that by no later than May 1, 2019, Plaintiff shall file either: (1) a Motion to Remand addressing the joinder of West Feliciana Parish, Department of Parks and Recreation; or (2) a Second Amended Complaint deleting all claims against West Feliciana Parish, Department of Parks and Recreation.

**IT IS FURTHER ORDERED** that in the event Plaintiff files a Motion to Remand, defendants shall jointly file, within five (5) days of the filing of Plaintiff's Motion to Remand, a Notice stating whether defendant(s) oppose the Motion to Remand. In the event a defendant intends to oppose the Motion to Remand, regular briefing delays as set forth in Local Civil Rule 7 shall apply.[10]

Signed in Baton Rouge, Louisiana, on April 10, 2019.

                        **ERIN WILDER-DOOMES**
                        **UNITED STATES MAGISTRATE JUDGE**

---

[10] Defendants are reminded that pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of removal." While an award of such fees and costs is discretionary and should be awarded only where the removing party "lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005), this court has previously awarded fees and costs associated with continued, unreasonable opposition to a motion to remand. *See*, *Jacobs v. Audubon Home Health of Baton Rouge*, Civil Action No. 18-59, 2018 WL 3946555, at * 5 (M.D. La. July 12, 2018), *report and recommendation adopted*, 2018 WL 3945602 (M.D. La. Aug. 14, 2018).