UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER LARSEN                                    CIVIL ACTION NO.

VERSUS                                             17-1665-BAJ-EWD

RED FROG EVENTS, LLC, ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JENNIFER LARSEN                                    CIVIL ACTION NO.

VERSUS                                             17-1665-BAJ-EWD

RED FROG EVENTS, LLC, ET AL.

## REPORT AND RECOMMENDATION ON MOTION FOR REMAND

Before the Court is a Motion for Remand (the "Motion")[1] filed by plaintiff, Jennifer Larsen ("Plaintiff").  The Motion is opposed by defendant, Red Frog Events, LLC ("Red Frog").[2]  A hearing on the Motion was held on September 20, 2019,[3] and Red Frog thereafter filed a Notice with supplemental information.[4]  For the reasons set forth herein, it is recommended[5] that the Motion[6] be denied, and that Plaintiff's claims against West Feliciana Parish, Department of Parks and Recreation ("West Feliciana") be dismissed without prejudice.

## I.    Background

Plaintiff's lawsuit arises out of injuries she allegedly sustained while participating in an extreme obstacle race, the "Warrior Dash," held in October 2016 in West Feliciana Parish. Plaintiff alleges that during the Warrior Dash, she was attempting to climb to the top of the "Diesel Dome," a "large wooden arch structure thirty feet long and twenty feet high, on which participants in the event climbed up one side of the dome, over the top, then down the other side of the dome

---

[1] R. Doc. 78.

[2] R. Doc. 82.

[3] R. Doc. 90.

[4] R. Doc. 92.  During the September 20, 2019 hearing, Red Frog was ordered to file a Notice setting out the status of a related case, *Allen, et al. v. Red Frog Events, LLC, et al.*, Civil Action No. 17-1664-BAJ-EWD ("*Allen*") which this Court remanded based on the presence of West Feliciana as a non-diverse defendant.

[5] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review."  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[6] R. Doc. 78.

while running the Event."[7] According to Plaintiff, the Diesel Dome "abruptly and suddenly collapsed without warning" and Plaintiff "fell to the ground, landing in and on debris from the collapsed Dome obstacle, causing severe and disabling injuries…."[8]  In addition to Red Frog and West Feliciana, Plaintiff also names First Specialty Insurance Corporation ("First Specialty"); Peterson Builders Framing Contractors, LLC ("Peterson"); North South Renovations ("North South"); Auto Owners Insurance Company ("Auto Owners"); Event Medical Staffing Solutions, LLC ("EMSS"); Daniel Lauber ("Lauber"); and Marcus Edwards ("Edwards") as defendants.

The suit was removed by Red Frog based on diversity jurisdiction under 28 U.S.C. § 1332(a).[9]  Red Frog asserts that except for West Feliciana, the parties to this action are completely diverse[10] and that West Feliciana was improperly joined for the sole purpose of defeating diversity jurisdiction.  On April 4, 2019, Plaintiff filed the instant Motion.[11]  Plaintiff asserts that remand is required because West Feliciana is a properly joined, non-diverse defendant.  Although not alleged in her First Amended Complaint, Plaintiff argues that she has stated a viable claim against West Feliciana sounding in negligence and that the Louisiana Recreational Use Immunity Statute, La

---

[7] R. Doc. 36, ¶ 8.

[8] R. Doc. 36, ¶ 6.

[9] R. Doc. 1.  With respect to the amount in controversy requirement, Red Frog asserts that Plaintiff reported injuries including "permanent disfigurement to her face, which required 17 stitches after the incident, and for which she is exploring plastic surgery" and that the medical bills in Red Frog's possession indicate $24,480.77 in medical costs as of November 15, 2017.  R. Doc. 1, ¶¶ 19 & 20.  Additionally, Red Frog states that it "inquired into whether Plaintiff would be willing to stipulate to damages of less than $75,000.00 in order to obviate the need to remove this matter. Plaintiff declined to enter into that stipulation."  R. Doc. 1, ¶ 23.

[10] Plaintiff alleges she is domiciled in Louisiana.  R. Doc. 1, p. 1.  Per the Notice of Removal, Red Frog is a limited liability company whose sole member is an Illinois citizen.  R. Doc. 1, ¶ 10.  First Specialty is alleged to be a Missouri corporation with its principal place of business in Missouri, Peterson is alleged to be a limited liability company whose sole member is a citizen of North Carolina, North South is alleged to be a North Carolina corporation with its principal place of business in North Carolina, and Auto Owners is alleged to be a Michigan corporation with its principal place of business in Michigan.  R. Doc. 1, ¶¶ 11-14.  Plaintiff alleges that EMSS is a limited liability company whose sole member is a citizen of Pennsylvania, that Lauber is domiciled in North Carolina, and that Edwards is domiciled in North Carolina.  R. Doc. 36, ¶ 1(g)-(i).

[11] R. Doc. 78.

R.S. § 9:2795, does not apply because the Diesel Dome should be considered "playground equipment."[12]  In opposition to the Motion, Red Frog points out that in other suits arising out of the October 2016 Warrior Dash and collapse of the Diesel Dome, "the state court to which this case would be remanded has ruled that the Parish is not a proper party and the plaintiffs have no cause of action against it."[13]

## II.    Law and Analysis

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[15]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[16]  In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[17]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[18]  The removing party has the burden of proving federal

---

[12] *See*, R. Doc. 78-2, pp. 5-10.

[13] R. Doc. 82, p. 1.

[14] 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1332(a)-(a)(1).

[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[17] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[18] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

diversity jurisdiction.[19]    Remand is proper if at any time the court lacks subject matter jurisdiction.[20]

### B.  Standard for Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[21]  To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[22]  Red Frog has not alleged actual fraud in the Petition.[23]  Therefore only the question of whether Plaintiff has a cause of action against West Feliciana will be considered.

To make this determination, the Court must decide "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[24]  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[25]  If the court concludes that the plaintiff has any "possibility of recovery against the party whose

---

[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[20] *See*, 28 U.S.C. § 1447(c).

[21] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  Red Frog recognizes that as the removing party, it "bears the burden of demonstrating improper joinder."  R. Doc. 25, p. 5.

[22] *Id.* at 646-47.

[23] *See*, R. Doc. 1, ¶ 26 ("Here, the first test is not implicated; however, in applying the second test, courts are to determine whether there is a reasonable basis for predicting that state law 'might impose liability on the facts involved.'") (citing *Travis*, 326 F.3d at 647-648).

[24] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

[25] *Travis*, 326 F.3d at 649.

joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction.[26] "The possibility must be reasonable, not merely theoretical."[27]

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways.[28] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[29] However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined.[30]  The Fifth Circuit has explained that, "[a]lthough a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[31]  The Fifth Circuit in *Davidson* explained that:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a

---

[26] *Id.*

[27] *Serrano v. Otis Elevator Company*, Civil Action No. 16-15460, 2017 WL 479576, at * 2 (E.D. La. Feb. 6, 2017) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[28] *Smallwood*, 385 F.3d at 573.

[29] *Id.* (citations omitted).

[30] *Id.* (citation omitted).

[31] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 650 n. 3 (5th Cir. 2003)).

> party's residence was not as alleged, or any other fact that easily can
> be *disproved* if not true."[32]

Although the district court may consider such discrete and undisputed facts, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...."[33]

### C. West Feliciana is Improperly Joined and Should be Dismissed without Prejudice

Plaintiff's suit is one of many arising out of the collapse of the Diesel Dome during the Warrior Dash. In a related proceeding, *Allen v. Red Frog Events, LLC*, this Court previously held that West Feliciana *was* a properly joined non-diverse defendant and ordered remand.[34] In *Allen*, plaintiffs alleged that the Diesel Dome should be categorized as "playground equipment" and that West Feliciana was required to inspect, test, and insure that all playground equipment constructed upon or within the West Feliciana Sports Complex was safe for its intended use and in compliance with "any and all applicable codes" and "any known engineering plans."[35] In addition to asserting the general negligence of all defendants, the *Allen* plaintiffs also invoked La. Civil Code article 2317.1 "as a basis for liability of defendants…in that the defendants were owners and/or custodians of the subject 'Diesel Dome', of which was burdened by a defect, said defect not being open or

---

[32] 819 F.3d at 766-67 (citing *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 & n. 12 (5th Cir. 2004)) (emphasis added in *Davidson*).

[33] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). In her Motion, Plaintiff argues on one hand that West Feliciana's liability cannot be adjudicated without Plaintiff "undertak[ing] a significant amount of discovery in order to obtain information to fully support this case" and that "there are numerous fact patterns that may arise during discovery that would lead to the Parish's liability" while on the other hand she argues that piercing the pleadings is not justified. *See*, R. Doc. 78-2, pp. 10-12. Because Plaintiff's claims against West Feliciana cannot survive a Rule 12(b)(6) challenge, there is no basis to engage in a "summary judgment-type" inquiry.

[34] *See*, *Allen v. Red Frog Events, LLC*, 335 F.Supp.3d 831, 840-846 (M.D. La. 2018).

[35] *Allen*, 335 F.Supp.3d at 840.

obvious, wherein the named defendants knew, or in the exercise of reasonable care, should have known of the defect, and failed to take adequate steps to prevent the harm caused by the defect."[36]

Although the *Allen* plaintiffs' allegations "verge[d] dangerously close to conclusory," this Court held that "Plaintiffs' allegations that West Feliciana offered its property for use by Red Frog for the Warrior Dash, and that West Feliciana failed to inspect and test one of the pieces of equipment constructed on its property for the Warrior Dash [were] sufficient to withstand scrutiny under Rule 12(b)(6)."[37]  After finding the allegations themselves sufficient, the Court rejected Red Frog's arguments that West Feliciana's liability was precluded by either the terms of a Venue Agreement entered into between West Feliciana and Red Frog or Louisiana's Recreational Use Immunity Statute.  Following remand of the *Allen* suit to state court, "the *Allen* plaintiffs agreed to voluntarily dismiss the Parish…."[38]

Similar to the *Allen* plaintiffs, Plaintiff here alleges that the Warrior Dash occurred "on immovable properly located in the Parish of West Feliciana, owned and/or operated by Feliciana"[39] and that West Feliciana "as the property owner, was under a legal duty to inspect all construction, including the Dome and to ensure that all applicable building codes and safety laws were strictly adhered to for the safety of all the participants."[40]  Plaintiff further alleges that West Feliciana committed various acts of negligence, including failure to ensure that the property, construction, or obstacles did not present an unreasonable risk of harm and failure to monitor and supervise the event.[41]  Like the allegations in *Allen*, Plaintiff's allegations regarding the negligence of West

---

[36] *Id*. at 841.

[37] *Id*. at 842.

[38] R. Doc. 92, p. 2.  *See also*, R. Doc. 92-1.

[39] R. Doc. 36, ¶ 4.

[40] R. Doc. 36, ¶ 13.

[41] *See*, R. Doc. 36, ¶ 14.

Feliciana run "dangerously close to conclusory" but are sufficient to at least consider West Feliciana's possible statutory immunity. However, unlike the outcome in *Allen*, it is recommended that West Feliciana be dismissed as a defendant based on the state court's subsequent ruling that Louisiana's Recreational Use Immunity Statute applies to shield West Feliciana from claims arising out of the October 2016 Warrior Dash and collapse of the Diesel Dome.[42]

La R.S. § 9:2795(B) provides, *inter alia*, that:

> (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

>> (a) Extend any assurance that the premises are safe for any purposes.

>> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

>> (c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

La. R.S. § 9:2795(E)(2) provides, in pertinent part:

> (a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.

> (b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create a duty of care or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person

---

[42] *Allen* was remanded to state court on February 13, 2018. In other suits arising out of the October 2016 Warrior Dash, the state court granted the exceptions of no cause of action as to West Feliciana on February 13, 2019 and entered judgment dismissing West Feliciana on March 8, 2019. R. Doc. 82-1, pp. 28-29 & 37. Plaintiff filed the instant Motion to Remand on April 29, 2019. R. Doc. 78. Accordingly, unlike the situation presented in *Allen*, this Court now has the benefit of the state court's ruling on West Feliciana's immunity pursuant to La R.S. § 9:2795.

responsible for security or supervision of park activities, except as provided in Subparagraph (E)(2)(d) of this Section.

(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.[43]

In *Allen*, plaintiffs explicitly alleged in their Complaint that the Diesel Dome was "playground equipment," and the Court considered that allegation when determining the applicability of Louisiana's Recreational Use Immunity Statute, La. R.S. § 9:2795.[44]  Here, unlike the petition in *Allen*, Plaintiff does not allege in the First Amended Complaint that the Diesel Dome should be considered "playground equipment."  Accordingly, Plaintiff has not even attempted to allege that the exemption to statutory immunity applies.[45]  Moreover, and dispositive to the recommendation here, in other related cases also stemming from injuries sustained during the October 2016 Warrior Dash,[46] the state court in which this suit would proceed in the absence of

---

[43] The statute defines "land" to include "urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty" and provides that "recreational purposes" "includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites."  La. R.S. § 2795(A)(1) & (3).

[44] *Allen*, 335 F.Supp.3d at 845-846 (discussing La. R.S. § 9:2795(E)(2)(c) exemption for "playground equipment" and finding that "an analysis of whether the Diesel Dome should be considered playground equipment for purposes of the statute is not the type of "discrete fact" contemplated by the Fifth Circuit and would instead require this court to improperly "pretry[] [this] case to determine removal jurisdiction...." (citing *Carriere*, 893 F.2d at 100)).

[45] Plaintiff argues in her briefing in support of the Motion to Remand that the Diesel Dome should be considered playground equipment subject to the exemption from immunity.  *See*, R. Doc. 78-2.  However, Plaintiff's First Amended Complaint contains no such allegation.

[46] *Allen* is the only related proceeding that was remanded by this Court based on the presence of West Feliciana as a non-diverse defendant and, as noted above, West Feliciana was voluntarily dismissed from the *Allen* suit following remand to state court.  The other suits in which the state court found West Feliciana immune pursuant to the Recreational Use Immunity statute were remanded by this Court due to Red Frog's failure to establish, by a preponderance of the evidence, that the amount in controversy likely exceeded the jurisdictional threshold.  *See*, *Marse v. Red Frog Events, LLC, et al.*, No. 17-cv-1402, United States District Court, Middle District of Louisiana, R. Docs. 45 & 47; *West v. Red Frog Events, LLC, et al.*, No. 17-cv-1640, United States District Court, Middle District of Louisiana, R. Docs. 59 & 61; *Sampson v. Red Frog Events, LLC, et al.*, No. 17-cv-1671, United States District Court, Middle District of Louisiana, R. Docs. 69 & 77; *Akinkugbe v. Red Frog Events, LLC, et al.*, No. 17-cv-1670, United States District Court, Middle District of Louisiana, R. Docs. 55 & 64.

9

federal subject matter jurisdiction maintained West Feliciana's exception of no cause of action and dismissed claims against West Feliciana with prejudice, finding "the parish is entitled to immunity that is provided under Revised Statute 9:2795."[47]   The state court's ruling that West Feliciana is immune from liability for claims arising from this exact event and the collapse of the Diesel Dome dictates a finding here that Plaintiff's ability to recover from West Feliciana is now a "theoretical" rather than "reasonable" possibility.[48]   Accordingly, Plaintiff's claims against West Feliciana should be dismissed without prejudice.[49]

---

[47] *See*, R. Doc. 82-1, p. 36. Plaintiff asserts in support of her Motion to Remand that "all of the man-made obstacles used in this event must 'adhere to all applicable building codes and safety laws'…." R. Doc. 78-2, p. 5. The state court has already rejected this argument, as well as the argument that the terms of the Venue Agreement between Red Frog and the Parish preclude applicability of the immunity statute. *See*, R. Doc. 82-1, p. 35 ("I don't believe that the terms of the venue agreement that are stated by the plaintiff as causing 9:2795 not to apply are –I don't [sic] that they have that affect…."). In support of its exception of no cause of action filed in state court, West Feliciana argued that the statutory immunity applied to "land" which is defined to include "equipment when attached to the realty" and that the exemption to immunity for defective playground equipment and stands only applied to constructions permanently attached to the ground. *See*, R. Doc. 82-1, pp. 10-11. The Parish argued that "[t]he 'Diesel Dome' is not a component part of the land owned by West Feliciana Parish, nor is it owned, operated, or managed by West Feliciana. Therefore, accepting the allegations as true, the limitation of liability under La. Rev. Stat. 9:2795 is applicable." R. Doc. 82-1, p. 11. In opposition to the Parish's exception, the plaintiffs in *Marse* argued that the Parish had a legal duty to ensure that all building codes were adhered to and that pursuant to the Venue Agreement, the Parish retained the right to access and inspect the property. *See*, R. Doc. 82-1, pp. 21-26. In considering the Parish's obligation to ensure compliance with building codes and the Parish's immunity, the state court recognized that while "the parish ordinance does require building permits for structures, barring presentation of a different definition of that word, I believe that it has got to be interpreted with some common sense. And a completely temporary construction that is not at any point in time intended to remain I do not believe that that is the intent of the building code and building permit ordinance." R. Doc. 82-1, p. 37.

[48] *Serrano*, 2017 WL 479576, at * 2.  "When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims."  *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Civil Action Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. March 28, 2013) (citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. Appx. 451, 453 (5th Cir. 2011) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[49] *See*, *Montoya v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 16-00005 (RCL), 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice.") (citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).

III.    Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[50] be **DENIED** and that Plaintiff's claims against West Feliciana Parish, Department of Parks and Recreation be **DISMISSED WITHOUT PREJUDICE.**[51]

Signed in Baton Rouge, Louisiana, on October 7, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Doc. 78.

[51] A scheduling conference is currently set in this matter for November 21, 2019.  R. Doc. 91.

11