UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JENNIFER LARSEN**                                       CIVIL ACTION

**VERSUS**

**RED FROG EVENTS, LLC, ET AL.**            NO. 17-01665-BAJ-EWD

RULING AND ORDER

Before the Court is the parties' **Joint Motion To Reverse Bifurcate Under Rule 42(b) (Doc. 121).** Plaintiff and Defendants seek to try Plaintiff's damages first, separately from a trial of liability, pursuant to Federal Rules of Civil Procedure 42(b) and 1. (*Id.* at p. 1).

Plaintiff was allegedly injured from the collapse of an obstacle known as the "Diesel Dome" during the "Warrior Dash obstacle course race." (Doc. 121-1, p. 2). The parties submit that if the jury first determines the amount of damages to which Plaintiff is entitled, the need for the jury to decide why the Diesel Dome collapsed would likely become unnecessary. (*Id.*). The parties agree that the only "real issue" is determining the reasonable amount of Plaintiff's damages and assert that this determination can be made promptly and easily. (*Id.*).

Rule 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Rule 1 states that the Federal

1

Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Whether to bifurcate a trial is a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992). Rule 42(b) "gives the trial court broad discretion to order a separate trial of any claim . . . in order to further convenience or to avoid prejudice." *Fid. & Cas. Co. of N.Y. v. Mills*, 319 F.2d 63, 63–64 (5th Cir. 1963).

Here, while the parties assert that separate trials will conserve the parties' time and money, as well as judicial resources, the Court disagrees. (*See* Doc. 121-1, p. 1). Rather, the Court finds that empaneling two juries to conduct two separate trials in the same matter during the COVID-19 pandemic may endanger public health by requiring the Court to summon additional jurors to the courthouse unnecessarily.[1] Accordingly, the Court finds that trying the issue of damages first and separately from liability is inappropriate in this case as it will not expedite, economize, or promote convenience pursuant to Federal Rule of Civil Procedure 42(b).

---

[1] While this matter was set for a 5-day jury trial beginning on March 22, 2021, the Court continued the trial due to the complications presented by the COVID-19 pandemic, and specifically, the high positivity rate for COVID-19 in East Baton Rouge Parish.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED.**[2]

Baton Rouge, Louisiana, this 3rd day of February, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] The Court urges the parties to attempt to reach agreement on the issue of liability such that a bifurcated trial is rendered unnecessary. The Court will try the issue of damages as a standalone issue if the parties enter a stipulation on the record that it is unnecessary to present the issue of liability to a jury.